IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE EDWARDS (Dallas Cty. Jail Bookin No. 17002984), Petitioner, V. SHERIFF LUPE VALDEZ, Respondent. | § § § § § § § § § § § | No. 3:17-cv-1189-D-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Willie Edwards, a pretrial detainee at the Dallas County Jail, proceeding *pro se*, has filed a 28 U.S.C. § 2254 application for writ of habeas corpus. *See* Dkt. No. 3. United States District Judge Sidney A. Fitzwater has referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. For the reasons explained below, the Court should dismiss the application, under Rule 4 of the Rules Governing Section 2254 Cases, without prejudice to Edwards's right to pursue his state court remedies. And, for similar reasons, Edwards also is not entitled to relief under 28 U.S.C. § 2241 at this time.

**Applicable Background**

Edwards alleges through the habeas petition that he has "been arrested two times in the [past] 5 years on false charges" and that the presiding judge, his court-appointed attorney, and the prosecutor have refused him "access to court," claiming

-1-

that he has written "over 90 pages in my defense over 15 motion[s], all denied [without] me in the court room." Dkt. No. 3 at 6; *see also id.* at 7 ("Between 2013 and 2017 I have been in custody over 16 month[s] over 500 day[s] and I have never been in a court room, I have never gotten a police report, or discovery, or a[n] answer to any motion or letter ro the court or DA or judges.").

State court records reflect that Edwards, who was booked into the jail on January 18, 2017, currently faces three state changes – aggravated kidnaping, *see State v. Edwards*, F17-33192 (265th Jud. Dist. Ct., Dallas Cty.); assault of a family/household member, *see State v. Edwards*, F17-70086 (265th Jud. Dist. Ct., Dallas Cty.); and sexual assault, *see State v. Edwards*, F17-75026 (265th Jud. Dist. Ct., Dallas Cty.). At least as to the two assault charges, Edwards is represented by appointed counsel, Bernard C. Nwaiwu, but that has not prevented Edwards's filing of *pro se* pleadings in his state cases.

**Legal Standards and Analysis**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court

procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals (the "CCA") in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("Failure to exhaust is not a jurisdictional defect. Failure to exhaust is an affirmative defense that may be waived by the state's failure to rely upon the doctrine. And yet there is no doubt that a federal court may raise *sua sponte* a

petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

Edwards's Section 2254 habeas petition reveals that he has not fully exhausted applicable state court remedies by obtaining a decision from the CCA prior to filing a habeas application in this Court. He therefore has failed to exhaust his state remedies, and his Section 2254 petition should be dismissed without prejudice pursuant to Rule 4.

Similarly, under the Court's obligation to "liberally construe" *pro se* filings "with all possible deference," *Muthukumar v. Univ. of Tex. at Dallas*, No. 3:10-cv-115-B, 2010 WL 5287530, at *2 (N.D. Tex. Dec. 27, 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the undersigned further notes that, because Edwards is still awaiting trial and has neither presented his claims to the CCA nor shown that he should be excused from the exhaustion requirements, the Court should not at this time derail his state criminal proceeding by considering whether he is entitled to habeas relief under 28 U.S.C. § 2241.

"A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, at *1 (N.D. Tex. July 24, 2006), *rec. accepted*, 2006 WL 2844129

(N.D. Tex. Sept. 29, 2006). Stewart's incarceration in the Johnson County Jail satisfies the initial "in custody" requirement. *See id.* But he must also exhaust "his available state remedies." *Id.* at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)).

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by an currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir . 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Id.*; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

**Recommendation**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Edwards's 28 U.S.C. § 2254 habeas application without prejudice to his right

to pursue – and fully and properly exhaust – his state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 5, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE